The opinion of the Court was delivered by
Moses, J.
The action in the case first stated, was on a note of band, in the words and figures following:
“$2500.
“Twelve months after date, with interest from date, we, or either of us, promise to pay James-M. Rutland, (executor of the will of N. A. Peay, deceased,) the sum of twenty-five hundred dollars. This note to be paid in such currency as can immediately be made available in payment of the old debts of the estate of Peay, dollar for dollar. Witness our hands and seals this first day of June, 1864.”
The defendants pleaded the ordinance of the convention passed on 27th September, 1865, entitled “'An ordinance to declare in force the Constitution and laws heretofore in force in this State, and the acts, official, public, and private, done, and appointments and elections made under authority *114 of the same,” and offered testimony to show tbe character of the consideration, and the value thereof, which his Honor the presiding Judge refused, holding, that such a contract as the one made here, was not embraced within its provisions, and under his instructions, the jury found for the plaintiff $2,997.30, the sum stated in the cause of action, with interest to time of trial.
From this verdict the defendants appeal, and ask for a new trial on the ground, “ that the ordinance did embrace within its provisions the contract contained in the instrument sued on, and that consequently, the evidence excluded was admissible.”
To counteract the effect of this ground of appeal, the plaintiff impeaches the validity of the ordinance because in conflict with the tenth section of that article of the Constitution of the United States, which declares that “ no State shall pass any law impairing the obligation of contracts.” The whole case is referred to this Court, and two questions are presented.
1st. Do the provisions of the ordinance apply to the instrument sued on ?
2d. Is the ordinance itself in violation of the Constitution of the United States?
It would have been difficult for the Convention to have used language of a more comprehensive character. It is so free from doubt and ambiguity as to preclude all necessity of inquiring into the mischief which it proposed to correct, or the remedy by which such correction was to be accomplished. Where a statute speaks so plainly and forcibly, that the purpose which it contemplated cannot be misunderstood, a Court is bound to give it the construction which its words demand. As if exercising the utmost care and caution, lest its meaning might be misapprehended, it was not satisfied in extending the ordinance to any contract made or entered into between the periods stated, *115 which might have been altogether sufficient, but it proceeded to declare, that it had in view contracts of any character, “ whether under seal, or parol, written, or oral.”
Neither is it necessary when a statute expresses without doubt or obscurity the purpose of its makers, to refer to cotemporaneous history for the lights by which it is to be construed. The words embody the intention, and if the conclusion to which they lead, is free from uncertainty, and the design manifest, Courts must give it effect according to the intent apparent on its face.
If the contract in question had specified the payment of so many dollars in gold, it would be difficult to perceive, how, under the ordinance, testimony could be excluded as to the “true value, and real character of the consideration.” What weight the jury might be bound to give to such evidence, when introduced, is another question. Although a note might be so payable, yet in order to effect “ substantial justice between the parties,” it might be competent and important to inquire into the “true value and real character of the consideration of the contract” at the moment it was made, for it may have been based upon a gold standard fixed at the time, either in reference to United States, or Confederate currency, or to the value of gold when the paper fell due, or its market value at the end of the war.
The ordinance was not enacted for the mere purpose of protecting the rights of debtors, who without it might be held to a liability far beyond what was understood and intended by the parties, but was also for the benefit of creditors who, if without it, might have been deprived of what they were justly entitled to, if not allowed to show the “true value and real character of the consideration.”
It by no means follows, that if the ordinance is not restricted as claimed by the plaintiff that well considered contracts will be thrown open to the wild and capricious notions of juries.” The effect of the ordinance will be, *116 rather to suppress such anticipated evil' by permitting the introduction of the testimony. It was intended to afford aids through which substantial justice might be reached.
The conclusion at which the Court has arrived on this ground of appeal is not to be regarded as expressive even of an intimation of opinion, on the force of the testimony excluded by the Judge on Circuit. In ordering a new trial it leaves open to inquiry the conclusion which the evidence in the case may demand on the one side or the other. It does not propose to direct what instructions on the proof adduced are to be given by the Judge who may preside. His judgment and experience will afford the proper restraints to prevent a verdict independent of the law and evidence.
As to the second ground. A convention of a State is as much bound by the prohibitions of the Constitution of the United States as a State Legislature. The States yielded to all restraints imposed upon them by that instrument. They were parties to it, and the people accepted it as the supreme law of the land. If because an ordinance emanates from a State convention,- it is paramount when it conflicts with the Constitution of the United States, as State Constitutions are the creatures of conventions, for the same reasons, it might be claimed that they must prevail over the Constitution of the United States whenever a conflict arises between them. Such a doctrine finds no support in reason or authority. An ordinance violative of the Constitution of the United States has no more validity than an Act of the Legislature in contravention of it.
Is the ordinance in question repugnant to the Constitution of the United States, because it impairs the obligation of contracts ?
The obligation of the contract is the law which binds, the party to the performance of his undertaking. If the *117 subsequent enactment so affects it, that tbe intention of the makers is changed, or new conditions are added, or those which originally attacked to it are so enlarged, restricted, or modified, that the relative rights of the parties do not remain as at first existing, the obligation is impaired. No matter how limited the change, or in what mode accomplished, either by varying the rights which accrued, or so regulating the remedy that through it the original intention cannot be carried out, by reason of the new standard by which it is to be measured and regulated, the obligation of the contract is impaired.
So far, however, does the ordinance refrain from this, that it enlarges a pre-existing rule of evidence, through which the real intention can be the better and more truly ascertained.
A contract has vitality from its consideration; without this, it would be nudum pactum. The purpose of the ordinance is to discover its true value and real character, not with the view of changing rights which have attached itnder it, or in any way diminishing its binding efficacy, but that, regard being had to the particular circumstances attending the agreement at the time of its execution, substantial justice may be effected. It in fact removes the restraints and impediments which prevented the ascertainment of the real intention, and increases the facilities by the aid of which it may be reached.
The constitutional provision above remarked upon, was fully considered by this Court in The State vs. Carew, (13 Rich. 498,) and the most severe scrutiny of the opinion there pronounced, will not discover anything which makes the conclusion of the Court here inconsistent with the judgment there, or the reasoning and authorities which induced it. In the State vs. Oarew, the Act in question was pronounced repugnant to the Constitution of the United *118 States; here tbe Court perceives nothing in the ordinance which should subject it to a like condemnation.
The motion for a new trial is granted.
With the case just considered, was taken up that of Wm. M. Thomas vs. Mary Raymond, from the Court of Equity, The plaintiff, Wm. M. Thomas, sold and conveyed to defendant, Mary Raymond, a house and lot in the town of Greenville, for the sum of $7,000, payable sis months after the ratification of peace with the United States, or before, at his option, with interest on the same from 1st September, 1863, payable annually. To secure the payment, the defendant on the day. of the purchase, to wit, the 25th August, 1863, gave her note under seal, for the amount, to the plaintiff, and also a mortgage of the same premises.
On 28th May, 1866, the plaintiff filed his bill for foreclosure, and enforcement of the note.
The defendant submitted that the note was subject to the ordinance of the convention, adopted on 27th September, 1865, which the plaintiff resisted, First. Because the provisions of the ordinance was not applicable to this particular transaction; and Secondly. That the ordinance was in violation of the Constitution of the United States, which declares that no State shall pass any law impairing the obligation of contracts.
The Chancellor overruled both objections, beard the testimony, and adjudged the case.
The plaintiff sought by his motion to the Court of Appeals, to reverse the decree of the Chancellor on several grounds, and that Court has referred them to this for hearing; the two, which bring in question the constitutionality of the ordinance, and the application of its provisions to the particular case, being those principally relied on.
The points so made are identical with those just con- *119 siclered in Copes et al. ads. Rutland, and must be subject to tbe same result.
Tbe other grounds were not insisted on.
Tbe motion is dismissed.
Dunkin’, O. J., Wardlaw, A. J., Glover, J., Inglis, A. J., Dawkins, J., Lesesne, 0., and Johnson, C., concurred.

Motions dismissed.